# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARL WEIMAN, DARIUS DERRIK DEYHIMI, and DENISE BRYANT,

    Plaintiffs,

v.

BRAEGER FINANCE, LLC and THE BLUE STAR FUND HOLDINGS, LLC,

    Defendants.

Case No. 20-CV-1673-JPS

**ORDER**

On November 5, 2020, Plaintiffs filed a complaint alleging that Defendants breached contracts and made material factual misrepresentations to Plaintiffs to induce them to advance funds to Defendants. (Docket #1). Defendants were served with the complaint on November 10, 2020. (Docket #3, #4). Defendants did not appear or otherwise defend this action within the time provided by the Federal Rules of Civil Procedure, so the Clerk of the Court, at Plaintiffs' request, entered default against Defendants on December 11, 2020. *See* (Docket #5).

On March 26, 2021, Plaintiffs filed a motion for default judgment. (Docket #6). Plaintiffs' certificate of service reflects that Defendants were served with this motion via first class mail. (Docket #8). Defendants have not responded to the motion in any fashion, and the deadline for doing so has expired. *See* Civ. L.R. 7(b); Fed. R. Civ. P. 6(d) (providing three additional days to respond to motions served by mail). As a result, the Court treats the motion as unopposed. Civ. L.R. 7(d). The facts pleaded in the complaint establish Defendants' liability. (Docket #1 at 2–6). Plaintiffs,

nevertheless, bear the responsibility to prove up damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (internal citations and quotations omitted). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Here, Plaintiffs seek the following:

1. Carl Weiman requests judgment against The Blue Star Fund Holdings, LLC in the amount of $590,625.00;

2. Denise Bryant requests judgment against The Blue Star Fund Holdings, LLC in the amount of $212,375.00;

3. Darius Derrik Deyhimi requests judgment against The Blue Star Fund Holdings, LLC in the amount of $70,250.00;

4. Carl Weiman requests judgment against Braeger Finance, LLC in the amount of $2,453,625.00;

5. Denise Bryant requests judgment against Braeger Finance, LLC in the amount of $468,270.00; and

6. Darius Derrik Deyhimi requests judgment against Braeger Finance, LLC in the amount of $979,500.00.

(Docket #6 at 1–2).

In support of their requests, Plaintiffs have each provided an affidavit in which they identify each promissory note that they made to

Defendants, along with the principal amounts and the interest rates. Plaintiffs demonstrated that they calculated the daily accrued interest on each note and that they multiplied these daily amounts by 2.25 years (the time from which Defendants stopped making payments on the notes to when Plaintiffs sought to default Defendants). (Docket #6-3, #6-4, #6-5). The Court finds that this evidence is sufficient to establish the exact amount of damages that Defendants owe.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for default judgment (Docket #6) be and the same is hereby **GRANTED**; Plaintiffs shall recover from Defendants as follows:

1. Defendant The Blue Star Fund Holdings, LLC shall pay to Plaintiff Carl Weiman the total sum of $590,625.00, together with post-judgment interest as provided by law;

2. Defendant The Blue Star Fund Holdings, LLC shall pay to Plaintiff Denise Bryant the total sum of $212,375.00, together with post-judgment interest as provided by law;

3. Defendant The Blue Star Fund Holdings, LLC shall pay to Plaintiff Darius Derrik Deyhimi the total sum of $70,250.00, together with post-judgment interest as provided by law;

4. Defendant Braeger Finance, LLC shall pay to Plaintiff Carl Weiman the total sum of $2,453,625.00, together with post-judgment interest as provided by law;

5. Defendant Braeger Finance, LLC shall pay to Plaintiff Denise Bryant the total sum of $468,270.00, together with post-judgment interest as provided by law; and

6. Defendant Braeger Finance, LLC shall pay to Plaintiff Darius Derrik Deyhimi the total sum of $979,500.00, together with post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of July, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge